IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| LANCE HARJO, | * | |
| ADC #164117 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 5:19cv00014-JJV |
| | * | |
| WENDY KELLEY, Secretary, | * | |
| Arkansas Division of Corrections, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

On June 9, 2016, a jury in the Polk County Circuit Court convicted Petitioner Lance Harjo of trafficking methamphetamine, possession of drug paraphernalia, simultaneous possession of drugs and firearms, maintaining a drug premises, illegal use of a communication device, possession of a defaced firearm, and possession of marijuana with intent to deliver. (Doc. No. 10-2 at 75-80.) The court imposed an aggregate sentence of 1,632 months in the Arkansas Department of Correction. (*Id.*) Mr. Harjo appealed the conviction to the Court of Appeals of Arkansas, and the judgment was affirmed on May 24, 2017. *Harjo v. State*, 522 S.W.3d 839 (2017). In affirming the conviction, the court recited the facts of the case as follows:

> On January 5, 2016, members of the 18th West Judicial District Task Force and the Polk County Sheriff's Department executed a search warrant at Harjo's home. At trial, the evidence established that the officers were familiar with Harjo and knew that he occupied the residence. When officers arrived to search the home, Harjo was inside an adjacent shop building with two other individuals. Xabrina Kahn Cunningham, who officers also knew to be living with Harjo, was asleep in the master bedroom. As Cunningham was being led away by the officers, Harjo stated that anything they found in their search was his.
>
> The search of Harjo's home focused largely on the master bedroom that, based on the clothing found there, appeared to be shared by Harjo and Cunningham. The

bedroom was described in the trial testimony as having a shallow closet with doors that had been removed, in which a desk had been placed. In plain sight on the desk or beside it were various bills addressed to Harjo (indicating that he resided in the home), firearms (assault rifles, a shotgun, and a handgun), ammunition, a digital scale, night vision goggles, small quantities of packaged marijuana, various pills, and "a lot of methamphetamine" packaged in a Ziploc bag and in red Solo cups. Inside the desk, they found a plastic bag containing a substance that appeared to be marijuana, another scale, devices used to smoke methamphetamine or marijuana, and a Ruger P–95 semiautomatic pistol with identifying serial numbers that had been drilled out. Inside the adjacent shop building, officers found a safe, which they seized. After obtaining a second search warrant to open the safe, they found cash, a firearm, and marijuana and methamphetamine in small plastic bags.

Liza Wilcox, a forensic chemist with the Arkansas State Crime Laboratory, testified that she tested various items seized during the search of Harjo's residence. Wilcox testified that the materials tested were positively identified as marijuana and methamphetamine. Moreover, a waxy substance obtained in the search contained THC, and the pills contained hydrocodone and oxycodone. Once she had established the presence of methamphetamine in an aggregate quantity of over approximately 300 grams, she did not test the remaining drug contraband because the statutory presumption for trafficking is only 200 grams.

*Id.* at 841-842.

On August 4, 2017, Mr. Harjo filed for Rule 37 relief in the Polk County Circuit Court. (Doc. No. 10-7 at 27.)  In a four-page order, the court reviewed the five claims of ineffective assistance alleged by Mr. Harjo and denied relief on August 29, 2017.  (*Id* at 51-54.) On November 27, 2017, Mr. Harjo filed his notice of appeal.  (*Id*. at 94.)  However, since his notice was filed more than thirty days after the order denying Rule 37 relief, the Arkansas Court of Appeals dismissed the appeal as untimely on October 3, 2018.  (Doc. No. 10-10.)

Now, Mr. Harjo, an inmate at the Cummins Unit of the Arkansas Department of Correction, seeks relief from this Court through the filing of a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  (Doc. No. 2.)  After careful consideration of the Petition and Response, for the following reasons, I find the Petition must be dismissed.

**II.     ANALYSIS**

Mr. Harjo's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Harjo, time began to run on September 29, 2017 – the day his time for filing a notice of appeal on his Rule 37 proceeding expired. In order to meet the deadline,

3

Mr. Harjo should have filed his Petition by September 29, 2018.  However, Mr. Harjo filed the instant Petition over three months later on January 9, 2019.

I also find Mr. Harjo is not entitled to equitable tolling.  Equitable tolling is only appropriate when a petitioner (1) shows that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The only circumstance Mr. Harjo expresses for the delay is his lack of counsel, saying "Mr. Harjo with the help of Cummins Unit law library, acting pro-se, was ineffective in the Rule 37 proceedings by failing to file a timely notice of appeal." (Doc. No. 13 at 4.)  Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, do not justify equitable tolling.  *See*, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).  In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).  In this case, Mr. Harjo presents no evidence he pursued his claims with the level of diligence required for me to grant any equitable tolling.  While he has applied for various forms of relief on the state level, this application for federal relief was not pursued in a timely manner.  Therefore, I find that Mr. Harjo's Petition is DISMISSED.

### III.  CERTIFICATE OF APPEALABILITY

Because the Petition is clearly time barred, no certificate of appealability shall be issued. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District

Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." But a court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here.

## IV.  CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED and the requested relief be DENIED.

2. A certificate of appealability will not issue.

DATED this 15th day of August 2019.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE